IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                                    Plaintiff/Respondent,<br><br>vs.<br><br>Richard Hall,<br><br>                                    Defendant/Petitioner. | Criminal Case No.: 1:20-cr-00176<br>Civil Case No.: 1:24-cv-00210 |

## ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255

[¶ 1]   THIS MATTER comes before the Court on a Motion to Vacate under 28 U.S.C. § 2255 filed by Defendant Richard Hall ("Hall") on October 15, 2024. Doc. No. 96. The United States filed a Response on December 10, 2024. Doc. No. 100. Hall filed a Reply on February 7, 2025. Doc. No. 105. The United States filed a Supplemental Response to Hall's Reply on February 12, 2025. Doc. No. 106. For the reasons set forth below, the Motion to Vacate is **DENIED.**

### BACKGROUND

[¶ 2]   A five-count Indictment charged Hall with (1) Aggravated Sexual Abuse of a Child; (2) Abusive Sexual Contact of a Child; (3) Abusive Sexual Contact of a Child; (4) Abusive Sexual Contact of an Unconscious Person; and (5) Abusive Sexual Contact of a Minor. Doc. No. 9. Attorney Ashley A. Flagstad represented Hall. See Doc. No. 15. The United States subsequently filed a Superseding Indictment adding a count of Attempted Witness Tampering. Doc. No. 55.

[¶ 3]   Pursuant to a plea agreement, Hall pled guilty to Counts Three and Four of the Superseding Indictment on August 3, 2022. See Doc. Nos. 72, 89. On November 3, 2022, the Court sentenced Hall to a total of 180 months of imprisonment. Doc. Nos. 82, 90. Hall appealed on November 7,

2022. Doc. No. 85. On June 13, 2023, the Eighth Circuit Court of Appeals affirmed the judgment. Doc. No. 93. See also United States v. Hall, No. 22-3337, 2023 WL 3966393 (8th Cir. June 13, 2023). The Eighth Circuit denied Hall's motion for rehearing *en banc* on July 20, 2023. He did not seek further review from the United States Supreme Court.

## ANALYSIS

### I.     Standard of Review

[¶ 4]     "Section 2255 of Title 28, U. S. C., provides that a prisoner in custody under sentence of a federal court may file a motion in the 'court which imposed the sentence to vacate, set aside or correct the sentence.'" Hill v. United States, 368 U.S. 424, 426 (1962) (quoting 28 U.S.C. § 2255(a)). There are four grounds for relief under Section 2255:

> (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," and (4) the sentence "is otherwise subject to collateral attack."

Id. at 426–27 (quoting 28 U.S.C. § 2255(a)).

[¶ 5]     A successful Section 2255 Motion requires showing constitutional error, jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974) (quoting Hill, 368 U.S. at 428). "[T]the burden of proof is on the petitioner to show that his sentence must be vacated." Cassidy v. United States, 428 F.2d 585, 587 (8th Cir. 1970).

### II.     Ineffective Assistance of Counsel

[¶ 6]     The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. U.S. Const. amend. VI. To be eligible for relief, a defendant must satisfy the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). The Eighth Circuit does not apply a "cumulative error" rule to ineffective assistance of counsel claims. United States v.

Robinson, 301 F.3d 923, 925 n.3 (8th Cir. 2002). When a defendant asserts multiple deficiencies, each claim is reviewed independently. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

### A. Counsel's Performance

[¶ 7]   Under the first Strickland prong, a defendant must establish defense counsel's representation was constitutionally deficient, which requires a showing that counsel's performance fell below an objective standard of reasonableness. 466 U.S. at 687–88. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. There is a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Under the Strickland standard, strategic decisions made after a thorough investigation of both the law and facts regarding plausible options are virtually unchallengeable. Id. "[E]ven if there is reason to think that counsel's conduct 'was far from exemplary,' a court still may not grant relief if '[t]he record does not reveal' that counsel took an approach that no competent lawyer would have chosen." Dunn v. Reeves, 594 U.S. 731, 739 (2021) (quoting Burt v. Titlow, 571 U.S. 12, 23–24 (2013)).

#### 1. Defense Investigation

[¶ 8]   Hall first alleges Attorney Flagstad provided constitutionally deficient counsel when she "failed to properly investigate the facts that would challenge the truthfulness of the allegations and also fail[ed] to consult expert witnesses who could assist with trial preparation." Doc. No. 96-1. Because of this alleged lack of investigation, Hall argues Attorney Flagstad "convinced Petitioner and his family to have a reasonable belief that his sentence would likely be within the advisory guideline range of 51 to 63 months but certainly would not exceed the high range suggested by the government of 92 months." Id.

[¶ 9] The record reflects that Attorney Flagstad was not ineffective in her representation of Hall regarding the defense investigation. Attorney Flagstad retained an expert witness, Dr. Angelo Giardino "to review the discovery, which included the forensic interviews, and other interviews/statements from the minor children and others and give his opinion." Id. at ¶ 6(a). Attorney Flagstad also hired private investigator Chuck Anderson "to review discovery and complete an independent investigation." Id. at ¶ 6(b). Mr. Anderson "researched the criminal history of potential witnesses and traveled to New Town to interview potential witnesses and provide information" to Attorney Flagstad "about his observations and analysis of the case." Id.

[¶ 10] The retention of Chuck Anderson and Dr. Angelo Giardino contradict Hall's allegations that Attorney Flagstad "failed to properly investigate the facts . . . and also fail[ed] to consult expert witnesses." Doc. No. 96-1. Because it was objectively reasonable for Attorney Flagstad to hire a private investigator and expert witness to support Hall's defense and there is a strong presumption that defense counsel provided "adequate assistance," Hall has failed to show his counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687–88.

[¶ 11] Accordingly, Attorney Flagstad was not ineffective in her representation of Hall regarding investigating the matter.

### 2. Pleading Guilty

[¶ 12] Hall next alleges Attorney Flagstad provided constitutionally deficient counsel "by concentrating her representation on persuading Petitioner and his family that Petitioner had to enter a guilty plea and avoid going to trial." Doc. No. 96-1. Specifically, Hall argues Attorney Flagstad "advised him that if he did not enter a plea, he would receive an extremely lengthy prison sentence." Id.

[¶ 13] During Hall's change of plea hearing, he testified he was fully satisfied with the representation and advice given to him by counsel. Doc. No. 89, p. 6:18–21. Later, during that same hearing, Hall confirmed that he looked over the provisions of the United States Code he allegedly violated with Attorney Flagstad. Id. at 10:24–11:4. Finally, the Court confirmed with Hall that he was able to ask his attorney questions about his plea agreement and Hall noted he was satisfied with Attorney Flagstad's answers. Id. at 20:12–18.

[¶ 14] Counsel's satisfactory performance is confirmed by her affidavit. See Doc. No. 100-1. Attorney Flagstad either met with Hall in person, by video, or by telephone forty-five times during her representation and "reviewed the entirety of the discovery file" with him. Id. at ¶ 2.

[¶ 15] Attorney Flagstad advised Hall she was willing to go to trial but also cautioned him about the risks associated with trial. Attorney Flagstad advised Hall she "was ready to cross examine the minors at trial" and noted that Hall "was aware of the strengths and weaknesses of the government's case." Doc. No. 100-1, p. 3. Additionally, Attorney Flagstad counseled Hall about his potential sentence and Hall knew if he plead guilty, the Court could sentence him to consecutive sentences. Id. These were strategic decisions Attorney Flagstad made after a thorough investigation of both the law and facts regarding Hall's plausible options and are therefore virtually unchallengeable. Strickland, 466 U.S. at 690.

[¶ 16] Even if Attorney Flagstad did express to Hall the risks of going to trial and the possibility of a lengthy sentence and Hall did not fully understand, the court's actions during the change of plea hearing would have cured Counsel's alleged deficiencies. Hall indicated he reviewed the sentencing guidelines with Attorney Flagstad and understood the Court could impose a sentence of up to life in prison for Count Three. Doc. No. 89, p. 18:3–14. The Court also asked Hall if he knew what a non-binding plea agreement meant and Hall responded, "Yes, sir." Id. at 11:10–12.

The record establishes the Defendant was fully aware that his sentence could include up to life in prison and, despite this, he freely and voluntarily chose to plead guilty.

[¶ 17] Accordingly, the allegations made in Hall's initial Section 2255 Motion, along with the record, do not show that Attorney Flagstad's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687–88. Because Hall has failed to make a showing on the first Strickland prong, the Court will not consider the second prong. See Long v. United States, 875 F.3d 411, 413 (8th Cir. 2017) ("We find that Long has failed to make a showing on the first prong, and therefore we do not consider the second prong under the Strickland test.").

### III.     Hall's Reply

[¶ 18] In his Reply brief, Hall alleges for the first time that Attorney Flagstad provided constitutionally deficient counsel by "failing to object to the Court's inclusion of K.H. as relevant conduct in sentencing Mr. Hall." Doc. No. 105, p. 2. Hall argues if Attorney Flagstad "had considered the impact resulting from the Victim Statement by K.H." she "would have been prepared to object to the statement prior to the Sentencing hearing or been prepared to fully address the possible upward departure that might be imposed." Id. Hall additionally alleges that the district "court failed to comply with Criminal Rule 32(h) which mandates the court provide notice before imposing a departure outside of the guideline range," and Attorney Flagstad was deficient in her representation because she failed to "address the Criminal Rule 32(h) notice requirement." Id. at 2–3.

#### A.  Timeliness

[¶ 19] The issues raised in Hall's Reply are time-barred. Hall's motion for a rehearing *en banc* was denied by the Eighth Circuit Court of Appeals on July 20, 2023. United States v. Hall, No. 22-3337, Entry ID 5297670 (8th Cir. July 20, 2023). Hall had ninety days from that date to petition

the United States Supreme Court to review the Eighth Circuit's decision, and he did not do so. See Sup. Ct. R. 13. Therefore, Hall's sentence became final on October 18, 2023, and his deadline to file a Section 2255 Motion was October 18, 2024. See Clay, 537 U.S. at 525 ("For the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Hall's Section 2255 Motion was timely filed on October 15, 2024. Doc. No. 96.

[¶ 20]  "Claims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c)." Dodd, 614 F.3d at 515. For the allegations of ineffective assistance of counsel made in Hall's Reply to relate back to his initial Section 2255 Motion, they "must be of the same 'time and type' as those in the original motion, such that they arise from the same core set of operative facts." Id. (quoting United States v. Hernandez, 436 F.3d 851, 857 (8th Cir. 2010)).

[¶ 21]  Hall's initial Section 2255 Motion alleges Attorney Flagstad was ineffective when she failed to investigate Hall's case and advised him to avoid trial. Doc. No. 96-1. In contrast, Hall's Reply alleges Attorney Flagstad was ineffective when she failed to object to one of the minor victim's statements being included in Hall's sentencing and additionally failed to object to the Court's failure to notify Hall of its upward variance. Doc. No. 105, p. 2. While Hall's initial Section 2255 Motion and Reply both allege ineffective assistance of counsel, merely alleging a new claim for ineffective assistance of counsel is "not enough." Dodd, 614 F.3d at 515 ("Thus, it is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial."); see also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of

ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney malfeasance."). Attorney Flagstad's failures to object at sentencing are not the same type of allegation as the failure to conduct a proper pretrial investigation or advise on whether to plead or go to trial. Therefore, the allegations in Hall's Reply do not properly relate back to Hall's initial 2255 Motion and cannot be raised as they are time-barred.

### B. Appeal Waiver

[¶ 22]  Hall is also procedurally barred from raising the issues presented in his Reply due to the appeal waiver contained in his plea agreement. Doc. No. 69, p. 9. The plea waiver provides:

> Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range and the right to appeal or to collaterally attack the conviction or sentence based on **a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver**.

Id. (emphasis added).

[¶ 23]  The two issues raised in Hall's Reply do not challenge Attorney Flagstad's ineffectiveness concerning the validity of his guilty plea or waiver. The issues alleged challenge Attorney Flagstad's ineffective assistance during the Court's sentencing of Hall. The claims contained in Hall's Reply fall squarely within the appeal waiver, and Hall knowingly and voluntarily waived these rights by signing the agreement. Id. Hall has not argued the appeal waiver was invalid. In fact, there is no evidence in the record Hall questioned his appeal rights or did not understand he was giving up his rights to appeal. In contrast, the Court went through the plea agreement thoroughly at the change of plea hearing, including Hall's waiver of appeal rights, and Hall explicitly stated he knew he was giving up those rights. Doc. No. 89, p. 19:15–24. As such, Hall is barred by the appeal waiver from raising these issues for post-conviction relief.

IV.     **Hearing**

[¶ 24] Hall did not request an evidentiary hearing in his initial Section 2255 Motion, Doc. No. 96, p. 12; however, he did so in his Reply. Doc. No. 105, p. 3. "A section 2255 'petitioner is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief,' unless the motion, files, and records of the case conclusively show that the movant is not entitled to relief." Blankenship v. United States, 159 F.3d 336, 337 (8th Cir. 1998) (quoting Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996)). Because the motion, files, and records of Hall's case conclusively show Hall is not entitled to relief, he is not entitled an evidentiary hearing. Id.

## CONCLUSION

[¶ 25] The Court has carefully reviewed the entire record, the parties' filings, and the relevant caselaw. For the reasons set forth above, Hall's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 96) is **DENIED**. It is, therefore, **ORDERED**:

1)  The Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

2)  The Court finds any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*.

3)  Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 250–22 (8th Cir. 1997) (finding that a district court possesses the authority to issue certificates of appealability under Section 2255(c)). If the petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman.

[¶ 26]  **IT IS SO ORDERED.**

DATED July 9, 2025.

                    Daniel M. Traynor, District Judge
                    United States District Court